COSTELLO-PALMER CORP., Appellant, v. CONSOLIDATED FACTORS CORPORATION, Respondent.—In an action for an accounting of moneys collected by defendant on accounts receivable assigned as security for repayment of advances, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated August 19, 1960, as grants defendant's motion to direct amendment of the complaint so as to make it more definite and certain by pleading the particulars of the assigned accounts. Order insofar as appealed from reversed, with $10 costs and disbursements, and the defendant's motion, insofar as it seeks to direct amendment of the complaint for the purpose above stated, denied. The allegations of the complaint are sufficient to spell out a fiduciary relationship and to state a cause of action for an accounting (cf. *Zeltser* v. *Mark*, 7 A D 2d 851). It is not necessary that the complaint contain a list of the accounts assigned. If defendant is entitled to such a list, it may be supplied in a bill of particulars. No consideration is given to the references to an order of resettlement which is neither printed in the record nor mentioned in the notice of appeal; nor is any consideration given to the notice of appeal appended to defendant's brief. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

IDA M. DAWN, Respondent-Appellant, v. DAVID A. DAWN, Appellant-Respondent.— In a separation action, the parties cross-appeal as follows from an order of the Supreme Court, Westchester County, dated October 8, 1960, granting the plaintiff wife's motion for alimony and for custody of the children, *pendente lite*. Defendant husband appeals from so much of the order as: (a) awards the wife $300 a week alimony and $6,500 counsel fees, (b) grants her custody of the infant son of the marriage, and (c) directs payment by him of all the carrying charges incident to the maintenance of the former marital residence. Plaintiff wife cross-appeals from so much of the order as: (a) awards the husband custody of the two daughters of the marriage, and (b) limits the alimony to $300 a week and the counsel fee to $6,500. Order, insofar as it provides for temporary alimony, carrying charges incident to the house, and counsel fees, affirmed, without costs. Appeal from that part of the order which directs custody, dismissed without costs as academic, the action having since been tried and a decision on the merits having been rendered. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.